UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROBERT LYLE STUEFEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MV SENIOR LIVING LLC, et al.,<br><br>Defendants. | Case No. 16-cv-04992-NJV<br><br>**ORDER RE MOTION FOR REMAND AND REQUEST FOR MONETARY SANCTIONS**<br><br>Re: Dkt. No. 9 |

This action was filed on July 26, 2016, in the Superior Court of California, County of Mendocino. The action was entitled "Robert Lyle Stuefen, by and through his Successor in Interest, Mercedes Stuefen, Mercedes Stuefen, individual, Plaintiffs, vs. MV Senior Living LLC; FC Ranger Ops Mountain View (CA) Defendants," and named Pamela Stuefen and Zachary Paul Stuefen as Nominal Defendants. The action was removed to this court on August 30, 2016. Pending before the court is Plaintiffs' Motion to Remand and Request for Monetary Sanctions. The matter was heard on October 18, 2016. For the reasons stated below, the court will grant the Motion to Remand and Request for Monetary Sanctions.

**BACKGROUND**

In removing this action to federal court, Defendants alleged that this court has original jurisdiction under 28 U.S.C. § 1332. They further alleged that this action is one which may be removed to this court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This case arises out of claims for elder abuse, negligence and wrongful death, and the Complaint seeks to recover punitive damages. (Doc. 1-1, 5.) The

Statement of Damages seeks to recover $25,000,000.00 in general damages and $250,000.00 in special damages. *Id.* at 33.

Defendants alleged in their Petition for Removal that complete diversity of citizenship exists based on the following alleged facts. Plaintiff Robert Stuefen is deceased. At the time of his death he was a citizen of the State of California. Plaintiff Mercedes Stuefen claims to be the Successor-in-Interest to the Estate of Robert Stuefen, and is citizen of the State of California. Defendant FC Ranger Ops Mountain View (CA) LLC was and is a Limited Liability Company incorporated under the laws of Delaware and having its principal place of business located in Atlanta, Georgia. Defendant MV Senior Living, LLC, was and is a Limited Liability Company incorporated under the law of California and having its principal place of business located in Portland, Oregon. Nominal Defendant, Pamela Stuefen, wife of the Decedent, is a citizen of the State of Wisconsin. Nominal Defendant, Zachary Paul Stuefen, grandson of the Decedent, is a citizen of the State of Michigan. Both Nominal Defendants are represented by counsel, Michael Soule in the State of Wisconsin. Mr. Soule represented to the court that Pamela Stuefen has no objection to the removal. Mr. Soule also represented that he is informed and believes that Mr. Zachary Stuefen will not have an objection, and that Mr. Soule would file a supplemental declaration when he could confirm that in writing. Defense Counsel filed a declaration on September 23, 2016, in which she declares in part that she received communication by text message from Zachary Stuefen stating that he has no objection to the removal. (Doc. 17.)

## RELEVANT LAW

The controlling statute, 28 U.S.C. §1441, provides in part as follows:

(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

1  Removal statutes are strictly construed against removal jurisdiction in the Ninth Circuit.
2  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663
3  (9th Cir. 1988)); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).
4  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first
5  instance," because lack of federal jurisdiction would make litigating the disputed matter in federal
6  court a futile effort. *Gaus v. Miles*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Diary Co.*,
7  592 F.2d 1062, 1064 (9th Cir. 1979)). The party alleging jurisdiction must justify those
8  allegations by a preponderance of evidence. *Gaus v. Miles*, 980 F.2d at 567; *Sanchez v.*
9  *Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

**DISCUSSION**

**Allegation of Complete Diversity**

Plaintiffs contend that although Defendants removed this action on the basis of complete diversity of citizenship pursuant to 28 U.S.C. § 1441(b), they have failed to meet their burden by failing to allege and prove that Defendant MV Senior Living is not a citizen of California, which is the state of citizenship of both Plaintiffs. Further, Plaintiffs argue that Defendants' allegation is nonsensical in that it claims that MV Senior Living is both an LLC and is incorporated in California.

Defendants concede in their Petition for Removal that both Plaintiffs, decedent Robert Stuefen and Mercedes Stuefen, were and are citizens of California. Thus, Defendants had the burden of alleging that all of the Defendants are citizens of states other than California for complete diversity of citizenship to exist and removal to be proper. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also Gaus v. Miles,* 980 F.2d at 566 (defendant has burden of establishing removal is proper); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof.").

3

Plaintiffs contend that assuming MV Senior Living LLC is not incorporated and is in fact an LLC, then the removal notice is procedurally defective and the case must be remanded because Defendants have failed to allege the citizenship of each member of the LLC as is required to establish complete diversity of citizenship. Defendants allege that "Defendant MV SENIOR LIVING, LLC was and is a Limited Liability Company incorporated under the law of California and having its principal place of business located in Portland, Oregon." (Doc. 1, 2:27 – 3:1.)

A defendant that fails to allege the citizenship of members of a LLC has "no basis upon which to remove the action*.*" *Solberg v. NDEx West, L.L.C.*, No. C 10-4600 SBA, 2011 WL 1295940, at *3 (N.D. Cal., Mar. 31, 2011). "To establish the citizenship of a limited liability company, Defendant must, at a minimum, allege the citizenship of all members of the limited liability company." *De Leon v. Aurora Loan Services,* No. CV 09-8389-JFW CTX, 2009 WL 5065254, at *1, (C.D. Cal., Dec. 15, 2009) (citing *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (defendant failed to carry its burden of establishing diversity of citizenship where its notice of removal did not list the citizenship of all the members of a limited liability company).

In *Solberg*, Senior District Judge Saundra Brown Armstrong remanded an action to state court where the defendants failed to allege the citizenship of one of the defendant LLCs, specifically ruling that because of such failure, the defendants had no basis to remove the case. Judge Armstrong stated:

> Unlike the citizenship of a natural person, the citizenship of a limited liability company or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ( "We ... hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Here, neither the Complaint nor the Notice of Removal identifies any of NDEx's members or provides any facts regarding their citizenship. As a result, Wachovia had no basis upon which to remove the action. *See Harris*, 425 F.3d at 694; *see also Deckard v. Wachovia*

4

*Mortg.*, No. CV 10–2464 PA (AGRx), 2010 WL 1444569, at * 1 (C.D.Cal. April 7, 2010) (allegation in Notice of Removal that "[NDEx is a] Delaware limited liability company headquartered in Addison, Texas" failed to meet defendant's burden of demonstrating removal jurisdiction).

*Solberg v. NDEx West, L.L.C.*, 2011 WL 1295940, at *3

In response to Plaintiffs' Motion to Remand, Defendants concede that the removal statutes indeed require that the citizenship of all members of an LLC must be disclosed for purposes of removal to federal court. They argue diversity exists in this action because none of the members of Defendant MV Senior Living LLC, a Limited Liability Company licensed to do business in the State of California, are citizens of California. Defendants provide a declaration of Noelle M. Natoli filed on September 20, 2016, supporting the following assertions regarding the citizenship of all members of MV Senior Living LLC:

> Defendant, MV Senior Living LLC is a limited liability company, licensed to do business in the State of California, with its principal place of business being 7420 Bridgeport Road, Suite 105, Portland, Oregon, 97224. (Exhibit "A" ¶ 4.)
> The only Member of MV Senior Living LLC is Frontier Senior Living, LLC, an Oregon limited liability company licensed to do business in the State of California, with its principal place of business being 17400 SW Upper Boones Ferry Road, Suite 230, Durham, Oregon 97224. (Exhibit "A" ¶ 5.)
> The only Member of Frontier Senior Living, LLC is Frontier Management, LLC, an Oregon limited liability company with its principal place of business being 7420 Bridgeport Road, Suite 105, Portland, Oregon, 97224. (Exhibit "A" ¶ 6.)
> The only Member of Frontier Management, LLC is FGR Holdings, LLC with its principal place of business being 3820 Mansell Road, Suite 280, Alpharetta, Georgia 30022. (Exhibit "A" ¶ 7.)
> FGR Holdings, LLC has two members with 50/50 ownership rights: FC Portland Investments, LLC and Gregory Roderick. FC Portland Investments, LLC has its principal place of business located at 3820 Mansell Road, Suite 280, Alpharetta, Georgia 30022. Gregory Roderick resides in Lake Oswego, Oregon. (Exhibit "A" ¶ 8.)
> FC Portland Investments, LLC has two members with 37.5% ownership rights: Arnold M. Whitman and Steven E. Fishman. Arnold M. Whitman resides in Roswell, Georgia. Steven E. Fishman resides in New York, New York. (Exhibit "A" ¶ 9.)

Opposition (Doc. 16), 3:13-4:5.

Based on the above, Defendants conclude that all members of MV Senior Living are citizens of states other than California. They argue that as both Plaintiffs, decedent Robert Stuefen and Mercedes Stuefen, were and are citizens of California, complete diversity of citizenship exists for purposes of removal to federal court.

As Plaintiffs argue in their Reply, Defendants are incorrect. The declaration provided by Defendants fails to adequately allege and prove complete diversity of citizenship because it fails to allege the citizenship of multiple members of the relevant Limited Liability Companies, namely Gregory Roderick, Arnold M. Whitman, and Steven E. Fishman.  Instead of alleging the citizenship of Gregory Roderick, Arnold M. Whitman, and Steven E. Fishman, Defendants have alleged where each of these individuals reside.

It is well settled law that allegations that a party resides in a particular state are insufficient to allege the citizenship of that party and are fatal to establishing diversity jurisdiction.  As the Ninth Circuit held in *Kanter v. Warner-Lambert Co*., 265 F.3d 853 (9th Cir. 2001):

> Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were "residents" of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. [Citation.] The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. [Citation.] A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. [Citation.] In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, *see Lew*, 797 F.2d at 749, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.

*Kanter v. Warner-Lambert Co*., 265 F.3d at 857-858. *See also Quinn v. McGraw-Hill Cos., Inc*., 168 F.3d 331, 334, fn.1 (7th Cir. 1999) (holding same).

In opposing the Motion to Remand, Defendants asked, in the alternative, for the court to allow Defendants additional time "to provide any additional information necessary" for the court to make a determination as to the diversity of the parties. Opposition (Doc. 16), 6:4.  Knowledge of what information was necessary to establish diversity jurisdiction was readily available in federal case law, and was provided to Defendants by Plaintiffs in their Motion and Reply. However, when asked at the hearing whether Defendants could properly show the citizenship of Gregory Roderick, Arnold M. Whitman, and Steven E. Fishman through domicile, Defendants

declined to offer further information. The court must conclude, therefore, that Defendants have failed to correctly allege the citizenship of Gregory Roderick, Arnold M. Whitman, and Steven E. Fishman as is necessary to demonstrate complete diversity. The Petition for Removal is therefore defective because it does not establish the existence of subject matter jurisdiction. This case must be remanded. As English judges of old would have said to counsel in such circumstances, "I cannot hear you."

**Joinder or Consent of All Defendants in the Removal**

For removal to be effective, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015). Here, Defendants admit in their Petition for Removal that Defendant Zachary Stuefen has not joined or consented to removal wherein it states that "Defense counsel is informed and believes that Mr. Zachary Stuefen will not have an objection, but Mr. Soule has not yet confirmed this statement in writing." (Petition at p. 3:10-11, emphasis added.) Plaintiffs argue that this averment is insufficient; an attorney certification that all defendants have consented is required. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient ."). Plaintiffs conclude that because not all Defendants have joined in the removal, this case must be remanded as a matter of law.

Although the usual rule is that all defendants in a state action must join in a petition for removal, the rule of unanimity does not apply to nominal parties. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Removal thus is proper even without the consent of a nominal defendant. *Strotek Corp. v. Air Transp. Ass'n of America.*, 300 F.3d 1129, 1133 (9th Cir. 2002); *see Bates v. Mortgage Electronic Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012) (nominal parties that would not benefit from a suit may be disregarded for

7

determination of diversity jurisdiction.

As stated above, Defense Counsel filed a declaration on September 23, 2016, in which she declares in part that she received communication by text message from Zachary Stuefen stating that he has no objection to the removal.  (Doc. 17.)  Further, the court finds that Zachary Stuefen is a nominal party, and that Mr. Stuefen's consent to the removal is therefore immaterial.  Plaintiffs conceded this issue at the hearing.

**Award of Costs**

Plaintiffs seek an award of costs and actual expenses incurred in bringing the instant motion pursuant to 28 U.S.C. § 1447(c), which provides in pertinent part: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A finding by the court that the removal was brought in bad faith is not necessary for an award of attorney fees under Section 1447(c) for an improper removal.  *Moore v. Permanente Medical Group, Inc*., 981 F.2d 443 (9th Cir. 1992).  As discussed above, Defendants removed this action based on diversity jurisdiction, but did not allege the citizenship of all the members of the LLC in their Petition for Removal.  Defendants then improperly alleged citizenship in opposing the remand motion, and declined to provide further information to establish citizenship when asked at the hearing if they could do so.  Defendants therefore "had no basis upon which to remove the action."  *Solberg*, 2011 WL 1295940, at *3.

In support of their request for an award of costs, Plaintiffs have provided a Declaration of Attorney David M. Medby wherein he states that he has expended approximately six hours reviewing Defendants' Notice of Removal and drafting the Motion to Remand.  (Doc. 10.)  He states that his firm charges a contingency for Plaintiff's cases of $450 per hour, resulting in a total of $2700.00 in fees.  *Id*.  Defendants have not challenged this calculation.

The court finds that an award of fees is justified under the circumstances of this case, which, although they do no demonstrate bad faith, do demonstrate a lack of a reasonable basis for

removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). (absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal).

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows

1. Plaintiffs' Motion for Remand is GRANTED and this case shall be remanded to the Superior Court of the State of California, County of Mendocino;
2. Defendants shall pay Plaintiffs' attorney fees in the amount of $2700.00;
3. Because the court lacks subject matter jurisdiction over this case, it will not address Defendants' Motion to Strike or Motion to Dismiss.  (Docs. 7 & 8.)

**IT IS SO ORDERED**.

Dated: October 20, 2016

NANDOR J. VADAS
United States Magistrate Judge